CHARLES S. HAMILTON vs. GEORGE S. LAMPHEAR.

New Haven County, June T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

S had made a written contract with the defendant to collect for him a certain claim against an insolvent life insurance company at an agreed percentage, and, with the defendant's assent, made an arrangement with H (the plaintiff,) an attorney at law, to assist him in the business at a certain lower percentage, accounting to him for the moneys collected and looking to him for payment, and delivered to him his contract with the defendant to hold until he had been fully paid. H attended to the business, proved the claim and procured it allowed, and a dividend upon it was paid by the receiver of the insurance company to the defendant. S afterwards died. H soon after brought a suit against the defendant, upon the contract with S, averring that it

was assigned to and owned by him. While the suit was pending the administrator of the estate of *S* moved to be admitted as a party plaintiff, alleging that he had been duly appointed such administrator, and that the contract in question had been delivered by *S* to *H* under an agreement that the latter should hold and own the same for the purpose of taking out of the moneys collected the amount that was due to him, and that whatever balance was left was to be the property of *S*. The court allowed the administrator to enter as a co-plaintiff and afterwards rendered a joint judgment in favor of *H* and the administrator. Held—

1. That *S* retained an interest in the contract which would have enabled him to sue upon it jointly with *H*, and that his administrator therefore could properly be admitted as a co-plaintiff with *H*.

2. That it was not necessary that the administrator, before being admitted as a plaintiff, should make proof of his appointment; such proof being never necessary in the first instance, as the question remains open for proof on the trial of the case, and such proof being dispensed with under the Practice Act, (sec. 3,) if the defendant does not deny in his answer the right of the plaintiff to sue as administrator.

3. That it was not necessary that the administrator should file a new complaint, as his claim was identical with the one set out in the original complaint.

4. That it did not affect the case that *H* had in his complaint alleged the ownership of the contract by himself, as the administrator in his application to be made a party had alleged his interest in the contract.

5. That it did not affect the case that the suit was in a city court, that the defendant was a non-resident, and that jurisdiction had been acquired only by an attachment of property in the city in *H's* suit; the Practice Act (sec. 19) providing that no change of parties should impair an attachment. The attachment inured to the benefit of the joint parties obtaining the judgment.

6. That it did not affect the right of the court to take jurisdiction of the administrator's part of the case that he was a non-resident. It is enough to give a city court jurisdiction if one of several joint plaintiffs resides in the city.

7. That the declarations of *S*, now deceased, pertinent to the matter in issue, were admissible in evidence, under the act of 1881, (Session Laws 1881, ch. 99, sec. 1.)

[Argued June 2d—decided July 20th, 1886.]

ACTION upon a contract for compensation for legal services; brought to the City Court of the city of New Haven, and heard before *Pickett, Acting Judge*. Facts found and judgment rendered for the plaintiff and another party admitted as a co-plaintiff. The defendant appealed. The case is fully stated in the opinion.

*E. P. Arvine,* for the appellant.

*C. S. Hamilton,* for the appellees.

LOOMIS, J.  It appears from the record that the defendant had a claim against the insolvent estate of the American Mutual Life Insurance & Trust Company, and that on the 20th day of February, 1878, he entered into a written contract with one Charles T. Shelton, a counsellor at law, that the latter should attend to the collection of the claim, for the compensation of twenty-five per cent. of the net amount recovered in lieu of all other charges.

Shelton did not, except to a limited extent, attend personally to the matter, but with the assent of the defendant substituted Hamilton, the plaintiff, to prosecute the claim. The agreement between Shelton and Hamilton in substance was, that the latter was to assist in making and presenting proofs of this claim and other like claims, for which he was to receive two per cent. of all the moneys collected on the claims, and was to render other professional services in relation to the same and other matters for a fair compensation; and it was agreed that Hamilton might retain out of the twenty-five per cent. mentioned in the agreement between the defendant and Shelton a sufficient sum, not only to pay him the two per cent., but also to compensate him for other services rendered and to be rendered, more particularly mentioned in the agreement between Hamilton and Shelton. And to forward this last mentioned agreement, the defendant executed and delivered a power of attorney to the plaintiff (Hamilton,) authorizing him to prosecute the claim, to collect dividends and give receipts therefor, &c., but providing that he should look to Shelton for his compensation and pay over dividends collected to him.  To secure Hamilton, Shelton delivered to him the written contract he had made with the defendant, to hold until he had been fully paid.

Hamilton, with some assistance from Shelton, fully performed the services contemplated in the agreement between

Shelton and the defendant and in the power of attorney from the defendant to Hamilton, and obtained before the commissioners on the insolvent estate of the life insurance company an allowance in favor of the defendant and against the insurance company of the sum of $1,862.64, upon which a dividend of $93.15 has been allowed and paid by the receiver to the defendant. The defendant has never paid the twenty-five per cent. or any part of it, either to Hamilton or to Shelton.

This suit was originally brought in the name of Hamilton alone. Shelton died July 29th, 1885, intestate, and afterwards, during the pendency of the suit, at the April term of the City Court, 1886, Cyrus M. Shelton, as administrator of his estate, made formal application in writing to be admitted a party, alleging, among other things, that Shelton died intestate, that the applicant had been duly appointed such administrator and had qualified as such, and also setting forth the substance of the agreement between the defendant and the intestate, and between Hamilton and the latter, and that Hamilton was to hold and own the former contract for the purpose of paying his percentage and other claims in his favor against Shelton, and that whatever balance of the twenty-five per cent. was left was to belong to Shelton and be paid to him or his assigns, and praying that as such administrator he be allowed to become a party plaintiff in this action with Hamilton, and be allowed as such co-plaintiff to prosecute the action to effect. The court granted the application and afterwards rendered a joint judgment in favor of Hamilton and the administrator.

The first question for review is—whether the court erred in granting this application by the administrator to be made a party.

One prominent objection is, that the intestate at the time had no interest in the contract which forms the basis of the action.

But it must be conceded that at first the sole interest was in Shelton, and at the commencement of the suit it was still in him, or in Hamilton, or in both; so that at most the

error, if any, was a mere case of misjoinder, in regard to which the provisions of the Practice Act, section 16, are so liberal as to offer poor encouragement for such technicalities. The provision is as follows:—" No action shall be defeated by the non-joinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it may deem the interests of justice to require."

But the objection may be more directly met and disposed of. Although the verbal arrangement whereby Hamilton acquired an interest is rather vaguely stated in some particulars, both in the application to be made a party and in the finding, yet in either case it seems very clear that the transfer to Hamilton was not absolute, of all Shelton's right and interest, but left remaining in him still an interest, so that the joinder may be justified under the rules as to the Practice Act as established by the judges. Chapter 1, section 5, provides that " if a part interest in a contract obligation be assigned, the assignor (retaining the remaining interest,) and assignee, may join as plaintiffs." And, of course, if Shelton, the intestate, could have joined in the· suit with Hamilton, his personal representative may do the same.

But the defendant goes back a step farther in his technical line of defense, and insists that it was error to admit the administrator as a party without first compelling him to prove his legal appointment to that office. The objection would seem to deny to the court its ordinary discretion as to the order of proof, and to apply to the added party a rule that he would not have been subject to if he had originally brought the suit with Hamilton. The application by the administrator contained, as it should, all the essential allegations as to the capacity in which he desired to prosecute the suit. In the progress of the suit this fact was to be established. It could not prejudice the defendant to admit the new party prior to such proof, for the matter was still open to inquiry. The defendant by denying the fact in his answer could have offered evidence to show that the

allegation was untrue, but he neither pleaded any denial nor did he attempt to prove it. The plaintiff however, waiving for the benefit of the defendant the requirement of the third section of the Practice Act, that the defendant must deny in his answer the right of a plaintiff to sue as administrator if he would contest the fact, assumed the burden of proof and produced in court the appropriate record evidence of his appointment.

Again, the defendant claims that, as he is a non-resident of the state, nothing but Hamilton's attachment of funds in the hands of the receiver in New Haven could give the City Court of that city any jurisdiction of the case, and that, the administrator having made no such attachment, there was no jurisdiction as to him. But the Practice Act, section 19, provides that no change of parties made by order of the court shall impair any previous attachment. The attachment inures to the benefit of all the joint parties who obtain judgment.

Neither is there anything to the objection that, as the administrator did not reside within the city of New Haven, the City Court could have no jurisdiction over his part of the case. If one of the joint plaintiffs resides within the city it is all that can be required. Otherwise it would happen that a joint obligation in favor of two persons, residing in different cities, could not be sued in either.

Another claim made by the defendant is, that as the administrator filed no pleadings after his admission as a party, no judgment could be rendered in his favor, either alone or jointly with Hamilton. There is nothing to this point, unless it is true that in every case where a third party is admitted as a co-plaintiff in a pending suit he must file a new complaint. This cannot be reasonably required in a case like the present, where the claim of the third party is based on the identical obligation which the other plaintiff is seeking to enforce. The prayer of the administrator was to be admitted a co-plaintiff to prosecute the suit then pending. He adopted the allegations of that complaint except so far as he supplemented and modified them by the allega-

tions contained in his application. The allegations as to Hamilton's exclusive right and interest in the contract referred to are of course modified by the administrator's averment of an interest in his intestate at the same time. The fact that Hamilton originally alleged that the sole interest in the contract belonged to him does not render invalid a judgment founded upon proof of a joint interest. Had the defendant desired to raise any appropriate issue relative to the administrator's interest, or right to sue, he could easily have done so by tendering pleadings of his own, but he chose to prosecute his defense against the co-plaintiffs without changing his answer at all.

The defendant also seeks to obtain a new trial on account of the ruling of the court admitting in evidence certain declarations of Charles T. Shelton, deceased. The declarations were offered to prove the execution by the defendant of the contract with Shelton. The administrator having become a party to the suit, the declarations of his intestate, if otherwise relevant, were admissible under the act of 1881, which provides that "in suits by or against representatives of deceased persons, declarations of the deceased relevant to the matter in issue may be received as evidence." Session Laws of 1881, ch. 99, sec. 1. No claim is made that the evidence was not relevant to prove the execution of the contract, but the sole objection is that there was no issue in the pleadings between any representative of the intestate and the defendant, which is the same groundless objection we considered in another connection.

There was no error in the judgment complained of.

In this opinion the other judges concurred.